WILLIAM R. ANDREWS ASSOCIATES v. SODIBAR SYSTEMS OF
D. C., INC.

No. 7415DC934

(Filed 16 April 1975)

Process § 9— foreign corporation — no contacts with this State — no in
personam jurisdiction

    The N. C. court did not acquire *in personam* jurisdiction by virtue
of G.S. 1-75.4(5)d over defendant corporation which was organized
under the laws of Delaware and had its office and principal place of
business in Washington, D. C., since defendant had no place of busi-
ness, agent, or representative in N. C., and this action related solely
to goods purchased by plaintiff from defendant at defendant's place
of business in Washington, D. C., and shipped at plaintiff's direction
from Washington to customers of plaintiff in Florida via a trucking
line hired by plaintiff.

APPEAL by defendant from *Allen, Judge*. Judgment entered
30 July 1974 in District Court, ORANGE County. Heard in the
Court of Appeals 22 January 1975.

This is a civil action to recover damages for breach of an
implied warranty in the sale of goods made by defendant, a
foreign corporation. The sole question is whether the court
acquired jurisdiction over the defendant.

Plaintiff is a business association owned by William and
Bernetta Andrews, who are residents of North Carolina. Plain-
tiff maintains its principal place of business in Chapel Hill,
N. C., and is engaged in the business of selling aluminum $CO_2$
cylinders. Defendant is a corporation organized and existing un-
der the laws of the State of Delaware. It has its office and prin-
cipal place of business in Washington, D. C. and is engaged in
business as a wholesale seller of soda fountain supplies in Wash-
ington, D. C., and the surrounding metropolitan area. Defendant
is not domesticated in North Carolina and has no place of busi-
ness, agent, or representative in North Carolina.

In complaint filed 15 May 1974, plaintiff in substance
alleged: On 1 November 1973 William Andrews visited defend-
ant's place of business in Washington, D. C., and offered to sell
to defendant aluminum $CO_2$ cylinders at a unit price of $30.75
and to buy from defendant certain used steel $CO_2$ cylinders at a
unit price of $37.50. Defendant represented that the steel cylin-
ders were the same as samples then shown to plaintiff. On

Andrews Associates v. Sodibar Systems

1 November 1973 the parties entered into a contract by which plaintiff agreed to purchase and defendant agreed to sell 150 steel cylinders as per the samples shown at a unit price of $37.50. On the same date defendant agreed to purchase from plaintiff 150 new aluminum cylinders at a unit price of $30.75. On 12 November 1973 plaintiff shipped from its warehouse near Durham, N. C., and delivered to defendant at its place of business the 150 new aluminum cylinders as agreed, and defendant accepted delivery of these cylinders. Thereafter, and on 25 November 1973, defendant shipped to customers of plaintiff, as instructed by plaintiff, 150 used steel cylinders. Plaintiff's customers refused to accept or pay plaintiff for the steel cylinders, and upon inspection it was found that the steel cylinders were inferior to the samples shown and were unusable according to governmental regulations. Plaintiff offered to return the steel cylinders to defendant, but defendant refused to receive them or to return the purchase price. Defendant was aware of the purpose for which the steel cylinders were intended to be used, to wit: dispensing soft drinks, and impliedly warranted they were fit for that purpose. Had they been as warranted, they would have had a value of $5,625.00. They were actually of a value of no more than $1,185.00. Plaintiff has incurred further damages for storage, shipment and repair. By reason of defendant's breach, plaintiff has been damaged in the amount of $4,999.00, for which plaintiff prayed judgment.

On 30 May 1974 plaintiff's attorney filed an affidavit showing the mailing of a copy of the summons and complaint by registered mail addressed to defendant at its Washington, D. C. address pursuant to Rule 4(j)(9)b of the North Carolina Rules of Civil Procedure. On 12 June 1974 defendant filed a motion pursuant to Rule 12(b) to quash the service of process upon it and to dismiss the action for lack of jurisdiction over the defendant, subsequently supporting this motion by an affidavit of defendant's president. In this affidavit defendant's president stated that defendant has never had any office or place of business or any agent or employee in the State of North Carolina, has never advertised or solicited any business in the State of North Carolina, and, except for the transaction which is the subject of this suit, neither the defendant corporation nor any officer, director, agent or employee of the corporation has ever had any contact of any kind with the State of North Carolina or with any person, firm or corporation of the State of North Carolina, for any purpose connected with any business or cor-

porate purpose of the company. The affiant further stated that the first contact of any kind which defendant had with any representative of plaintiff was on or about 26 July 1973 when Mr. Andrews came to the offices of defendant corporation in Washington, D. C., and solicited an order for aluminum $CO_2$ cylinders, that these were shipped by Mr. Andrews to the defendant on or about 2 August 1973, that on or before 2 November 1973 Mr. Andrews "arranged with the defendant company to ship to the defendant company an additional 150 aluminum cylinders and to pick up from the defendant 150 50-pound used cylinders to ship to St. Petersburg, Florida. . . . That the plaintiff arranged for Ryder Truck Lines, Inc., to ship to the defendant the aluminum cylinders and to pick up the 50-pound used cylinder [sic] for shipment to St. Petersburg, Florida, and William R. Andrews was billed directly by Ryder Truck Lines."

On 30 July 1974 the court signed an order denying defendant's motion, finding among other matters "[t]hat this action relates to goods and merchandise of value shipped from North Carolina by the plaintiff to the defendant at the defendant's order and direction," from which the court concluded "[t]hat the District Court of Orange County has jurisdiction of this action under authority conferred by G.S. 1-175.4(5)d [sic]." From this order, defendant appealed.

*Epting & Hackney by Joe Hackney for plaintiff appellee.*

*Bryant, Lipton, Bryant & Battle, P.A., by James B. Maxwell for defendant appellant.*

PARKER, Judge.

The sole question presented is whether the court acquired in personam jurisdiction over defendant corporation under our "long arm" statute, G.S. 1-75.1, *et seq.* Plaintiff contends that G.S. 1-75.4(5)d is applicable and that the North Carolina court did acquire jurisdiction over the defendant under that provision of the statute. Defendant contends that the cited section of the statute is not applicable to this case and, if applied to the facts in this case, is unconstitutional. The statute provides as follows:

"G.S. 1-75.4. *Personal jurisdiction, grounds for generally.*—A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an

Andrews Associates v. Sodibar Systems

action pursuant to Rule 4(j) of the Rules of Civil Procedure under any of the following circumstances:

\*   \*   \*   \*   \*

"(5) Local Services, Goods or Contracts.—In any action which:

\*   \*   \*   \*   \*

"d. Relates to goods, documents of title, or other things of value shipped from this State by the plaintiff to the defendant on his order or direction. . . . "

We agree with the defendant that the present action does not in any way relate to goods or other things of value "shipped from this State by the plaintiff to the defendant on his order or direction." It relates solely to goods purchased by plaintiff from defendant at defendant's place of business in Washington, D. C., and shipped at plaintiff's direction from Washington, D. C. to customers of plaintiff in the State of Florida via a trucking line hired by plaintiff. Plaintiff's complaint makes mention of aluminum cylinders shipped by plaintiff from North Carolina to defendant in Washington, D. C., but all allegations relating to these are surplusage insofar as the claim which plaintiff seeks to assert against defendant is concerned. That claim is based entirely on plaintiff's allegations as to defects in the steel cylinders sold by defendant to plaintiff in Washington, D. C. and shipped from there to Florida. Plaintiff asserts no claim which in any way relates to the aluminum cylinders shipped from North Carolina. The trial court's finding that this action "relates to goods and merchandise of value shipped from North Carolina by the plaintiff" is unsupported by the allegations of the complaint or by any other evidence in this record. The only goods shipped from this State were the aluminum cylinders, the quality of which is uncontested by this action and in connection with which plaintiff makes no claim.

Holding as we do that the present case does not come within the statute, it is not necessary for us to consider defendant's additional contentions made on constitutional grounds. For the reason stated, the order apealed from is

Reversed.

Judges MORRIS and HEDRICK concur.